

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# USA v. Perkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Perkins" (2006). *2006 Decisions*. Paper 1137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  04-1166

UNITED STATES OF AMERICA

v.

NASIM PERKINS
a/k/a Malik Johnson
a/k/a Arthur Perkins
a/k/a Ronnie Reagan

Nasim Perkins,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00303)
District Judge: Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: AMBRO and FUENTES, <u>Circuit Judges,</u>
and IRENAS,[*] <u>District Judge</u>

(Filed: May 10, 2006)

---

[*]Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

OPINION

AMBRO, <u>Circuit Judge</u>

Nasim A. Perkins was convicted by a jury of one count of possession of cocaine base with intent to distribute more than five grams in violation of 21 U.S.C. § 841(a)(1) (count one), unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (count three), possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count four), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count five). He was sentenced to a 180-month term of incarceration to be followed by eight years of supervised release. Perkin's counsel filed an *Anders* motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. Despite the stumbling block presented by the failure of Perkins' counsel to abide his *Anders* responsibilities, we grant that motion and affirm the judgment of the District Court for the reasons set out below.[1]

**I.**

Because we write solely for the parties, we discuss only those facts necessary to our decision. Perkins filed, prior to trial, a motion to suppress the crack cocaine and money recovered from his person during his February 6, 2002, arrest and a motion to suppress the physical evidence recovered during his February 12, 2003, arrest. The

---

[1]The District Court exercised jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

District Court denied Perkins' motion to suppress the evidence recovered on February 6, 2002, finding that the police had probable cause to arrest him for violating a Pennsylvania statute prohibiting the carrying of a firearm on a public street without a license. Moreover, the Court denied Perkins' motion to suppress the evidence recovered on February 12, 2003, finding that the search warrant was supported by probable cause and that the officers complied with the knock and announce requirement.

As noted above, the jury convicted Perkins on four of the seven counts charged. Based on a total offense level of 26 and a criminal history category of VI, Perkins' Sentencing Guidelines range was 120 to 150 months. However, a violation of 18 U.S.C. § 924(c) requires the imposition of a five-year mandatory minimum sentence that must run consecutively to any other sentence imposed by the Court. Accordingly, the District Court sentenced Perkins at the bottom of his Guidelines range (and at the statutory mandatory minimum) to a term of 120 months imprisonment on the first three counts, and a mandatory minimum term of 60 months for the 18 U.S.C. § 924(c) violation, the sentences to run consecutively for a total imprisonment of 180 months. Perkins timely appealed the judgment of conviction and sentence.

**II.**

We follow a twofold inquiry when analyzing *Anders* briefs. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). This inquiry consists of the following: "(1)

3

whether counsel adequately fulfilled the rule's[2] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* Regarding the first issue, we find that counsel's brief is wholly inadequate. When an attorney submits an *Anders* brief, his duties are to demonstrate that (1) he has thoroughly examined the record for appealable issues, and (2) the issues are frivolous. *Id.* In attending to his duties "[c]ounsel need not raise and reject every possible claim." *Id.* Counsel, however, must satisfy the "conscientious examination" standard set forth in *Anders*. *Id.* Perkins' counsel gives no indication he has met this standard here.

Counsel's analysis in his *Anders* brief concerning the merits of Perkins' potential appealable issues was one paragraph in its entirety:

> The Court found the arresting officers and their testimony credible. Appellant presented no evidence at the [s]uppression hearing. The finding of credibility can't be challenged. The officer in the first instance observed Appellant with the gun in plain view, and observed him discard the gun under a nearby truck. The other officer observed Appellant with a gun in his hand, and observed him throw the weapon to the roof. He also observed the bag of drugs recovered, that Appellant threw away. The drugs found on Appellant's person was [i]ncident to [a]rrest.

Appellant's *Anders* Br. at 11 (internal citations omitted). In contrast, Perkins' *pro se* brief raises the following five issues for appeal: (1) whether the District Court erred in refusing to suppress the physical evidence recovered on either February 6, 2002, or February 12, 2003, in connection with Perkins' arrests; (2) whether the Court erred in instructing the

---

[2]This refers to Third Circuit Local Appellate Rule 109.2(a), which "reflects the guidelines the Supreme Court promulgated in *Anders* to assure that indigent clients receive adequate and fair representations." *Youla*, 241 F.3d at 300.

4

jury on "consciousness of guilt" during trial; (3) whether the Court erred in denying Perkins' *pro se* application for substitution of counsel; (4) whether the evidence at trial was sufficient to establish that Perkins possessed a firearm in furtherance of drug trafficking; and (5) whether the Court imposed a lawful sentence under *United States v. Booker*, 543 U.S. 220 (2005). Moreover, the Government took the time to file a comprehensive 48 page brief addressing each issue raised by Perkins.

Not only does Perkins' counsel not analyze *any* of the issues covered by Perkins or the Government, he does not even mention them. Where such disregard exists (and here it was blatant), we normally discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing pursuant to Third Circuit L.A.R. 109.2(a). *Id.*

There is a narrow exception, however, for "those cases in which frivolousness is patent." *Id.* This is such a case. An independent examination of the District Court record (including the suppression hearing, the trial transcript, the Pre-Sentencing Report, and the sentencing transcript), along with Perkins' *pro se* brief and the Government's brief, makes clear that all the issues raised on appeal are patently frivolous. In particular, we note that this case presents no issues under *Booker* because, regardless what Perkins' advisory Guidelines range was, the District Court had neither the power nor the discretion to sentence Perkins to less than the statutory mandatory minimums. *See Harris v. United States*, 536 U.S. 545, 565 (2002).

\* \* \* \* \*

5

Because the issues raised on appeal are patently frivolous, Perkins' judgment of conviction and sentence is hereby affirmed, and counsel is granted leave to withdraw. We caution counsel, however, to resist accepting further Criminal Justice Act appointments where the possibility exists that this kind of effort will again exhibit itself.